# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LISA ROCKWELL,<br><br>        Plaintiff,<br><br>    v.<br><br>ALLSTATE INSURANCE CO., *et al.*,<br><br>        Defendants. | Case No. 4:23-cv-00023-SLG |

## ORDER ON PENDING MOTIONS

Before the Court are three pending motions:

- At Docket 28 is Defendants Allstate Property and Casualty Insurance Company, Allstate Homeowners Insurance, Allstate Property & Casualty, and Allstate Fire and Casualty (collectively, "Allstate")'s[1] Motion to Compel Plaintiff's Rule 26 Initial Disclosures and for Sanctions. Plaintiff Lisa Rockwell responded in opposition at Docket 32, and Allstate filed a reply at Docket 33.

- At Docket 29 is Plaintiff Lisa Rockwell's Motion in Limine and Motion for Summary Judgment. Allstate responded in opposition at Docket 30. Ms. Rockwell did not file a reply.

---

[1] Defendants maintain that the only proper defendant is Allstate Property and Casualty Insurance Company. *See, e.g.,* Docket 30 at 2 n.1.

- At Docket 31 is Allstate's Alternative Motion Pursuant to Federal Rule of Civil Procedure 56(d) to Defer Consideration of or Deny Plaintiff's Motion in Limine and Motion for Summary Judgment in Favor of Plaintiff, which it filed simultaneously with its opposition to Ms. Rockwell's motion in limine and motion for summary Judgment. Ms. Rockwell did not file a response.

Oral argument was not requested with respect to any of the pending motions and was not necessary to the Court's determinations.

## BACKGROUND

This dispute arises out of coverage Ms. Rockwell received under an Allstate homeowner's insurance policy after a fire damaged her residence in North Pole, Alaska, in August 2021.[2] Ms. Rockwell alleges that she received only "partial payment for damages to her residence and personal property from Allstate" and that "Allstate used unethical methods of determining actual cash value of claimant's personal property by applying 'Actual Costs' that are: (a) deceptive and unexplained; (b) contrary to appraisal standards and methodologies."[3] Ms. Rockwell also alleges that Allstate demanded that she "use methods to restore her home using a chemical that presents a significant threat to the Plaintiff and the families health with a product that is toxic even at at (sic) extremely low levels,"

---

[2] *See* Docket 1-1 at ¶ 17; Docket 30 at 3.

[3] Docket 1-1 at ¶ 3.

rather than paying to replace the items and rebuild the home with new components.[4] According to Ms. Rockwell, Allstate should have paid an additional sum of $711,895.94 for replacement of the structure and personal contents.[5] Ms. Rockwell asserts claims for breach of contract, negligence, and bad faith.[6]

Ms. Rockwell, who is self-represented, originally filed this action in Alaska Superior Court on July 4, 2023.[7] Defendants removed the action to this Court on September 21, 2023.[8] The Court entered the current scheduling order on October 23, 2024.[9] Pursuant to that order, the parties' initial disclosures were due on or before November 5, 2024, and the parties' preliminary witness lists were due on or before November 26, 2024.[10]

---

[4] Docket 1-1 at ¶¶ 4, 19–26.

[5] Docket 1-1 at ¶¶ 50, 55.

[6] *See* Docket 1-1 at ¶ 2. Ms. Rockwell's Complaint also references the Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. §§ 45.50.471, *et. seq.*, Docket 1-1 at ¶ 13, and appears to quote Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204, which is inapplicable here, *compare* Docket 1-1 at ¶ 53 (purporting to reference "Alaska 501.204"), *with* Fla. Stat. § 501.204(1) (containing language quoted in Complaint).

[7] *See* Docket 1-1 at 16.

[8] Docket 1.

[9] *See* Docket 26.

[10] Docket 26 at 2.

In the pending motions, Allstate moves to compel Ms. Rockwell to provide her initial disclosures and for sanctions,[11] and Ms. Rockwell moves "to remove the witnesses presented by the Defendant" and for summary judgment.[12] In a motion filed simultaneously with Allstate's opposition to Ms. Rockwell's motion for summary judgment, Allstate alternatively requests an opportunity to conduct additional discovery "if Ms. Rockwell is provided the opportunity to remedy" deficiencies in her motion for summary judgment.[13]

## LEGAL STANDARDS

### I. Motion to Compel

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." If the motion to compel is granted, a court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses, including attorney's fees, unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," "the opposing

---

[11] Docket 28-1.

[12] Docket 29 at 1.

[13] Docket 31 at 3.

Case No. 4:23-cv-00023, *Rockwell v. Allstate Insurance Company, et al.*
Order on Pending Motions
Page 4 of 18

party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust."[14]

Rule 37(c)(1) further provides that a party who fails to make initial disclosures "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In addition to this evidence preclusion sanction, a court may "order payment of the reasonable expenses, including attorney's fees, caused by the failure" to provide initial disclosures.[15] The burden is on the party facing sanctions to show that its failure to provide initial disclosures was substantially justified or harmless.[16]

## II. Motion in Limine

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area."[17] Pretrial consideration avoids the futile attempt to "unring the bell" when jurors see or hear inadmissible evidence, even when it is stricken from the record.[18] "A motion in limine should not be used

---

[14] Fed. R. Civ. P. 37(a)(5)(A).

[15] Fed. R. Civ. P. 37(c)(1)(A).

[16] *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

[17] *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).

[18] *Brodit v. Cambra,* 350 F.3d 985, 1004–05 (9th Cir. 2003) (Berzon, J., dissenting) (internal citation omitted).

to resolve factual disputes or weigh evidence"[19] and "is not the proper vehicle for seeking a dispositive ruling on a claim."[20]

### III. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the movant.[21] A party seeking summary judgment must set out specific facts in sworn declarations, deposition testimony, sworn answers to interrogatories, or authenticated documents, as provided in Rule 56(c). If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[22]

When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[23]

---

[19] *Tundra Mountain Holdings, LLC v. Markel Ins. Co.*, Case No. 4:20-CV-0023-HRH, 2023 WL 4763221, at *1 (D. Alaska July 26, 2023) (internal citation and quotation marks omitted).

[20] *Hana Financial, Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

[21] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[22] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e) (1986)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[23] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

## DISCUSSION

I.  **Motion to Compel and for Sanctions**

Allstate moves to compel Ms. Rockwell to provide her Rule 26(a) initial disclosures. Allstate asserts that Ms. Rockwell did not comply with the November 5, 2024, deadline to exchange initial disclosures or the November 26, 2024, deadline to exchange preliminary witness lists, as set out in the Court's scheduling order.[24] As of the date of Allstate's motion, Allstate had not received Ms. Rockwell's required initial disclosures or preliminary witness list but had been served with Ms. Rockwell's Motion in Limine and Motion for Summary Judgment.[25]

Allstate contends that information required to be disclosed by Rule 26(a) must be excluded because Ms. Rockwell's failure to timely provide her initial disclosures was neither substantially justified nor harmless, especially in light of Ms. Rockwell's filing of her motion in limine and motion for summary judgment.[26] Allstate contends that it "has been left to hypothesize about Ms. Rockwell's claims and defense" in responding to Ms. Rockwell's motion, and that "plaintiff's failure to

---

[24] Docket 28-1 at 8–9; *see* Docket 26.

[25] Docket 28-1 at 5. Ms. Rockwell's Motion in Limine and Motion for Summary Judgment at Docket 29 pre-dates and is referred to in Allstate's motion at Docket 28. The filings at Dockets 28 and 29 appear out of order because Ms. Rockwell filed her motion conventionally via mail, while Allstate completed its filings electronically. *Compare* Docket 28-1 at 5 (stating that Allstate's counsel received Ms. Rockwell's Motion in Limine and Motion for Summary Judgment on December 2, 2024) *with* Docket 29 (filing date of December 3, 2024).

[26] Docket 28-1 at 9–10.

Case No. 4:23-cv-00023, *Rockwell v. Allstate Insurance Company, et al.*
Order on Pending Motions
Page 7 of 18

provide information or identify a witness as required by Rule 26(a) -- including information regarding damages -- should preclude plaintiff from using that information to supply evidence on a motion, at a hearing, or at a trial."[27] Finally, Allstate seeks "reasonable expenses incurred in making [its] motion, including attorney's fees."[28]

Ms. Rockwell responds by asserting that she has no interest in delaying the litigation, is disabled, cannot afford certain inspections of her property that she asserts are necessary, and has no witnesses.[29] In its reply, Allstate disputes the necessity of inspections referenced by Ms. Rockwell and reiterates that Ms. Rockwell "knowingly and deliberately refuses to provide her Rule 26 Disclosures and preliminary witness list."[30]

Self-represented parties, like all parties to civil litigation, are required to comply with the discovery rules.[31] Ms. Rockwell does not dispute that she has not

---

[27] Docket 28-1 at 10–11.

[28] Docket 28-1 at 11.

[29] Docket 32 at 1–3. Ms. Rockwell also complains that Allstate filed the motion to compel and motion for sanctions instead of making an offer to settle her case, and requests that the Court enter summary judgment in her favor. Docket 32 at 3.

[30] Docket 33 at 2–4.

[31] *See* Fed. R. Civ. P. 26; *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012); D. Alaska L. Civ. R. 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules

Case No. 4:23-cv-00023, *Rockwell v. Allstate Insurance Company, et al.*
Order on Pending Motions
Page 8 of 18

Case 4:23-cv-00023-SLG   Document 36   Filed 04/24/25   Page 8 of 18

produced her initial disclosures and preliminary witness list and therefore has not complied with her discovery obligations. Accordingly, the Court will compel Ms. Rockwell to provide the required initial disclosures and preliminary witness list **within 14 days** of the date of this order. Pursuant to Rule 26(a)(1), Ms. Rockwell's initial disclosures must include:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

---

and the Federal Rules of Civil Procedure. References in these rules to 'counsel' or 'attorneys' also refer to self-represented parties.").

Case No. 4:23-cv-00023, *Rockwell v. Allstate Insurance Company, et al.*
Order on Pending Motions
Page 9 of 18

Case 4:23-cv-00023-SLG   Document 36   Filed 04/24/25   Page 9 of 18

It is clear that Ms. Rockwell would like to settle this case.[32] And most cases do resolve by a settlement. But even though only some cases proceed to trial, all cases must prepare for trial. Indeed, it is often only through preparation for trial that the parties can adequately assess their chances of success in the litigation and make informed decisions related to settlement. The exchange of required disclosures and witness lists is an essential part of this preparation for trial, which must continue unless and until a settlement is reached. Here, Ms. Rockwell cannot prevail at trial if she has no witnesses, as Ms. Rockwell will need witnesses to persuade the fact finder at trial that she is entitled to judgment in her favor and damages from Allstate in the amount of $711,895.94.[33]

The Court also finds that limited sanctions are warranted. Ms. Rockwell has not provided any justification for her failure to provide her initial disclosures nor shown that her failure to make the required disclosures is harmless with respect to her motion in limine and motion for summary judgment; however, it is not clear to the Court that Ms. Rockwell's delay, if promptly remedied pursuant to this order, would prejudice Defendants with respect to future motions or hearings, or at trial. Specifically, the Court finds that Allstate is entitled to recover its reasonable

---

[32] *See* Docket 32 at 1.

[33] Docket 1-1 at ¶¶ 50, 55 (claiming damages of "at least $659,359.59 remainder [sic] on the policy for replacement of the structure and $52,536.35 for personal contents" and "damages in the amount of $711,895.94"); *see also United States v. Thoms*, 684 F.3d 893, 903 (9th Cir. 2012) ("[L]ive testimony is the bedrock of the search for truth in our judicial system.").

expenses incurred in filing this motion, including attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a)(5), with this amount to be included as a credit or debit in the final judgment.[34]

Ms. Rockwell is cautioned that failure to comply with this order requiring her to make her initial disclosures by the date set forth herein may result in the imposition of additional sanctions as provided by Federal Rule of Civil Procedure 37(b)(2), including dismissal of this action.[35]

## II. Motion in Limine and Motion for Summary Judgment

Ms. Rockwell asks the Court to "remove the witnesses presented by the Defendant" and "make a ruling based on evidence already presented."[36] Ms. Rockwell contends that she is entitled to this relief based on various factual assertions, including that "[n]one of Defendants witnesses will bring evidence relevant to this case as to why Defendant refuses Plaintiff to get other estimates" and that multiple inspectors "left out" or "failed to add" certain items in their

---

[34] Allstate has satisfied the "minimum" requirement of good faith conferral by engaging in "two-way communication" with Ms. Rockwell regarding her disclosures. *Hattrick v. City of Ketchikan*, Case No. 5:20-CV-00013-SLG, 2022 WL 889333, at *2 (D. Alaska Mar. 25, 2022) (citation omitted); *see* Dockets 28-8–28-10. The Court reminds the parties that "the good faith confer[al] [requirement] is not a mere formality; instead it contemplates honesty in one's purpose to meaningfully discuss the discovery dispute and mandates a genuine attempt to resolve the discovery dispute through non-judicial means." *Hattrick*, 2022 WL 889333, at *2 (first alteration in original) (internal quotation marks and citation omitted).

[35] *See also* Fed. R. Civ. P. 41(b) (authorizing dismissal for failure to comply with a court order).

[36] Docket 28 at 1.

estimates.[37] Although Ms. Rockwell "prays the courts review documents provided as evidence," she does not attach any exhibits to her motion or otherwise support her assertions with citations to the record.[38]

In its opposition, Allstate reads Ms. Rockwell's motion in limine as requesting dismissal of *all* witnesses, defense or otherwise, and contends that the dismissal of all witnesses requires dismissal of the litigation in its entirety.[39] With respect to Ms. Rockwell's request for summary judgment, Allstate points out that Ms. Rockwell's "motion is unaccompanied by affidavit or other admissible evidence" and therefore contends that, "as presently constituted, the motion before the court is deficient."[40] Allstate nonetheless contests the assertions made by Ms. Rockwell and attaches nine exhibits that it asserts show "summary judgment in favor of Allstate – not Ms. Rockwell – is appropriate."[41] In its alternative motion, Allstate posits that, "if Ms. Rockwell is provided the opportunity to remedy her deficient filing . . . , Allstate should be allowed to conduct proper discovery" in response.[42]

---

[37] Docket 29 at 1–2.

[38] Docket 29 at 2.

[39] *See* Docket 30 at 2, 11.

[40] Docket 30 at 13.

[41] Docket 30 at 13–15.

[42] Docket 31 at 3.

Case No. 4:23-cv-00023, *Rockwell v. Allstate Insurance Company, et al.*
Order on Pending Motions
Page 12 of 18

Case 4:23-cv-00023-SLG   Document 36   Filed 04/24/25   Page 12 of 18

Allstate supports its alternative motion with a declaration of counsel as required by Federal Rule of Civil Procedure 56(d).[43]

As an initial matter, Ms. Rockwell's motion does not comply with Local Civil Rule 7.1(e). That rule requires that, "[e]xcept for alternative requests for relief or as otherwise provided by rule or order of the court, each motion must be filed separately." Ms. Rockwell's motion in limine to exclude all witnesses and her motion for summary judgment were therefore required to have been filed as two separate motions. Ordinarily, the Court would strike a document that is improperly filed with the Court. However, in light of Ms. Rockwell's pro se status and in the interest of the efficient resolution of the issues presented, the Court will address the substance of the combined motions. Ms. Rockwell is advised that continued failures to comply with this district's local rules and the Federal Rules of Civil Procedure may result in additional sanctions, up to and including dismissal of this action.[44]

---

[43] See Docket 31-1; Fed R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").

[44] See Fed. R. Civ. P. 41(b) (authorizing dismissal for failure to comply with the Federal Rules of Civil Procedure).

The Court agrees with Allstate that preclusion of all witness testimony would ultimately require judgment in Allstate's favor,[45] but construes Ms. Rockwell's motion as requesting dismissal of Allstate's witnesses only.[46] Of course, if Ms. Rockwell continues to maintain that she has no witnesses, then dismissal of this action would be warranted. Even as construed by the Court, Ms. Rockwell's motion fails to set forth any basis for excluding the testimony of Allstate's witnesses or for entering summary judgment in favor of Ms. Rockwell.

A court will not preclude a party's witnesses from testifying based on another party's unsupported assertions regarding the witnesses' prospective testimony. Federal Rule of Evidence 601 provides that "[e]very person is competent to be a witness" unless the Federal Rules of Evidence, or state law in civil cases on claims arising under state law, provides otherwise. Lay witnesses may testify to matters about which they have personal knowledge,[47] and may express opinions based on matters they have personally observed if the opinion would be helpful to the fact finder and is not based on any specialized knowledge.[48] Although evidence—

---

[45] *See Faria v. M/V Louise V,* 945 F.2d 1142, 1143 (9th Cir. 1991) (noting that "one of the most basic propositions of law" is "that the plaintiff bears the burden of proving his case, including the amount of damages").

[46] *See* Docket 29 at 1 (requesting "that the Court enter an Order to remove the witnesses presented by the Defendant").

[47] Fed. R. Evid. 602.

[48] Fed. R. Evid. 701. Qualified experts with specialized knowledge helpful to the fact finder may offer opinions if the testimony "is based on sufficient facts or data," "is the product of reliable

including witness testimony—must be relevant, the bar for relevance is low. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[49] Contrary to Ms. Rockwell's assertions, the witnesses disclosed in Allstate's preliminary witness list each appear to have some relation to this case and may be able to give relevant testimony based on their personal knowledge.[50]

Moreover, for all motions, Local Civil Rule 7.4(b)(a) requires that a "party asserting a fact must support the assertion by citing to particular parts of materials in the record, including depositions, affidavits or declarations, stipulations, discovery responses, or other materials." Ms. Rockwell's motion fails to comply with this basic requirement, as Ms. Rockwell does not support her assertions with particular citations to materials in the record.[51] Summary judgment is particularly unwarranted, as assertions of fact in support of a motion for summary judgment must be based on admissible evidence, such as affidavits or declarations made with personal knowledge, sworn testimony, discovery responses, or authenticated

---

principles and methods," and "reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702.

[49] Fed. R. Evid. 401.

[50] *See* Docket 27.

[51] *See* Docket 20 at 1–2.

Case No. 4:23-cv-00023, *Rockwell v. Allstate Insurance Company, et al.*
Order on Pending Motions
Page 15 of 18

documents.[52] As the party moving for summary judgment, Ms. Rockwell "has both the initial burden of production and the ultimate burden of persuasion."[53] Because Ms. Rockwell has submitted no evidence in support of her motion for summary judgment, and has not explained how the asserted facts, even if true, would entitle her to judgment as a matter of law, Ms. Rockwell fails to meet these burdens.[54]

Although repetitive motions for summary judgment are generally discouraged, district courts have discretion to permit successive motions for summary judgment.[55] Additionally, pursuant to Rule 56(e), courts may provide parties an opportunity to properly support or address assertions of facts in connection with a motion for summary judgment. Accordingly, the Court will deny Ms. Rockwell's motion for summary judgment without prejudice to Ms. Rockwell filing a successive motion for summary judgment after the close of discovery and in compliance with this Court's local rules and the Federal Rules of Civil Procedure.

---

[52] *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002); *see* Fed. R. Civ. P. 56(c).

[53] *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

[54] Allstate contends that "summary judgment in favor of Allstate – not Ms. Rockwell – is appropriate" but has not filed a cross-motion for summary judgment. *See* Alaska L. Civ. R. 5.1(f)(2) ("[I]f a party seeks to address two motions in a single filing (*e.g.*, an opposition to summary judgment and a cross-motion for summary judgment), a separate filing for each document must be made."). A court may nonetheless "grant summary judgment for a nonmovant" "[a]fter giving notice and a reasonable time to respond" pursuant to Federal Rule of Civil Procedure 56(f). The Court declines to do so here because it is clear Ms. Rockwell does not understand her obligation to present evidence to establish or refute summary judgment on the current record.

[55] *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010).

Case No. 4:23-cv-00023, *Rockwell v. Allstate Insurance Company, et al.*
Order on Pending Motions
Page 16 of 18

## CONCLUSION

In light of the foregoing, IT IS ORDERED as follows:

1. Allstate's Motion to Compel and for Sanctions at Docket 28 is GRANTED. Ms. Rockwell shall produce full and complete initial disclosures in accordance with Rule 26(a) of the Federal Rules of Civil Procedure within **14 days of the date of this order.** Defendants are awarded their reasonable fees and costs associated with bringing the Motion to Compel, pursuant to Federal Rule of Civil Procedure 37(a)(5). Defendants may submit a fee affidavit within **7 days** of the date of this order. Ms. Rockwell may file a response as to the reasonableness of the amount of fees sought within **7 days** thereafter.

2. Ms. Rockwell's Motion in Limine and Motion for Summary Judgment at Docket 29 is DENIED without prejudice.

3. Allstate's Motion to Defer Consideration of or Deny Plaintiff's Motion in Limine and Motion for Summary Judgment at Docket 31 is GRANTED.

4. A telephonic status conference is set for **May 14, 2025, at 3:30 p.m.** before District Judge Sharon L. Gleason. All parties shall participate telephonically by dialing 571-353-2301 (Call ID 020262828, Pin 487051) approximately five minutes before the scheduled hearing time.

DATED this 24th day of April, 2025, at Anchorage, Alaska.

                                              */s/ Sharon L. Gleason*
                                              UNITED STATES DISTRICT JUDGE